Howell, J.
On the 18th of March, 1865, Pierre Oazenave, testamentary executor, filed a provisional account, to which various oppositions were made, and from a judgment disposing thereof an appeal has been taken by all the opponents except one, who asks its affirmance. Only such grounds of opposition will be examined as have been urged before us, according to the rules of this Court.
I. The accounts of disbursements and expenses in carrying on a large plantation, in the parish of Plaquemines, are opposed on the grounds that the executor was without legal warrant to work the said plantation, but he should have sold or rented the property.
The testator, it seems, left here in the spring of 1863, leaving Oazenave, his agent and factor, and died in New York 9th February, 1864, having made a will, appointing said Oazenave his executor.
*495 The evidence does not show that the plantation could have been advantageously leased after the death of the owner. An application to rent it was made prior to that event, but Cazenave, the agent, being without authority, declined, and the applicant refused to wait until the authority could be obtained. The executor qualified on 19th March, 1864, at which time the plantation was under cultivation in accordance with the previous instructions and wishes of the owner, and with every prospect of realizing a large revenue.
It appeared then to be to the interest of the creditors and legatees that a crop should be made, and no objection seems to have been suggested until after the crop was materially damaged in the summer and fall. The parties now opposing had their remedy, but they chose to remain silent, and to acquiesce in the course pursued by the executor. The fact that he did not call a meeting of the creditors under Article 1160, O. C., cannot throw upon him all the expenses incurred in good faith, and make him at the same time pay over the proceeds of the crop. Whatever he has necessarily paid out in carrying on the'plantation should be allowed. It is urged, however, that these disbursements have not been satisfactorily proven. All credits in the accounts are admitted, and all the debits denied. Under such a general objection, we think, that where the account appears to be fair and reasonable, the presumption is in favor of the executor, who is an officer of the Court, and that the positive and direct proof of every item is not required. The clerk of the executor testifies positively to the correctness of the accounts, in this instance, and we find in the record several orders of Courts, authorizing purchases and payments, and many vouchers sustaining various items, which, together are sufficient, in our opinion, to sustain said accounts, in the absence of specific oppositions. The items, $1,807 88 and $1,460 60, are properly allowed. The item of $27,817 55, opposed in the same manner, is the total indebtedness of the deceased to his factor, Cazenave, “as per account current rendered,"’ up to 1st March, 1864, and interest to date of filing the tableau, and is reduced by credits to $7,381 56, balance due. In a letter written by the deceased on 18th November, 1863, he states his indebtedness to Cazenave, on 1st May preceding, to be about $21,000, which, with other evidence, including memoranda of instructions and letters from deceased to Cazenave, and the rule relating to the “ stated accounts ” of commission merchants, will authorize the allowance of this balance. No special objection is made to any item in this account current, which is in evidence, and to the correctness of all the items of which the clerk testifies from personal knowledge.
II. The item of $1,109 78, “due by Mr. and Mrs. Morse,” was stricken out on the opposition of the said Mrs. Morse, based on the ground that she is a creditor instead of a debtor to the estate, and entitle to the money received by the executor from J. Grassin for rent, under the written consent of the deceased.
The item is composed of $600, for two months’ rent of house 157 Camp street; $175 rent received from J. Grassin, and $334 78, sundries furnished Mr. Morse and family.
The other opponents also object to this item, on the ground that it should be charged to the executor.
*496 The ■written consent referred to, and dated in March, 1863, is to the effect that Mrs. Morse should occupy the residence of the deceased, and the rent of $100 a month be considered an equivalent for the interest on his note for $15,000 held by her. The interest is credited on the note up to 1st January, 1864, and Mrs. Morse, the holder,, is credited in the .tableau for the interest thereon from said date to filing the tableau in 1865. The rent claimed is for ten months, ending on 30th November, 1864, at $60 per month; that is, for the period intervening between the death of the deceased and the sale of the said house.
The agreement, therefore, if of any binding effect, does not apply, and getting credit for the interest, there is no good reason why she should not pay the rent, which is claimed for a much less amount than stipulated in the written consent or agreement. As to the rent received from Grassin for store, the consent of the decedent was conditioned, that Mrs. Morse should credit the amount received on the said note held by her, which is not done, and she must, consequently, account for the same, the amount of which is not disputed.
We think, therefore, the probate Judge erred in striking these two sums from the account; but we agree with him as to the third item. The .value of the articles furnished to Mr. and Mrs. Morse was compensated by the services rendered by Mr. Morse on the plantation.. No objection was made to the proof of such services as an equivalent to the charge.
. III. Opposition is made to a note for $17,000, in favor of Bank of Louisiana, secured by mortgage on the residence in New Orleans, and held by Mrs. Morse, on the ground that she purchased the note for one-third of its amount, and being a universal legatee must be deemed a negoiiorum gestor in the purchase, and not be permitted to benefit herself to the prejudice of her co-legatees. To this it is successfully replied, that without proof of an intention to act in such character, Mrs. Morse, although a legatee in a succession insolvent ah initio, must be viewed as any other purchaser of the note, and as much entitled to its payment as if the bank had given it to her. She obtained a valid title to it, and its appearance in the tableau is correct. The succession is credited with the price of the mortgaged property, and charged with the amount of this note, to be paid to Mrs. Morse, and the surplus of the price, thus balancing the entry, and showing the destination of the proceeds or price.
. It is therefore ordered, that the judgment appealed from, be set aside, so far as it sustains the opposition of Mrs. Isaac E. Morse, and it is now ordered that her said opposition be so far maintained only as to strike from the “ item due by Mr. and Mrs. Morse,” the sum of $334 78, “amount of bill of sundries delivered to them from Harlom plantation, ” and that as thus amended, the judgment be affirmed.
Costs of appeal to be paid by Mrs. I. E. Morse, appellee.